UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH ANTONIO LILLARD | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] No. 3:11-0032 |
| | ] JUDGE HAYNES |
| SHERIFF ROBERT ARNOLD | ] |
| Defendant. | ] |

**M E M O R A N D U M**

Plaintiff, Kenneth Antonio Lillard, a *pro se*, is an inmate at the Rutherford County Correctional Work Center in Murfreesboro, Tennessee, filed this action under 42 U.S.C. § 1983 against the Defendant Robert Arnold, Sheriff of Rutherford County.

According to his complaint, on or about October 10, 2010, Plaintiff developed a hernia while at the Rutherford County Adult Detention Center. Plaintiff was taken to an outside physician who arranged for the Plaintiff to undergo an ultra sound test. The test was conducted and the results of the test showed that emergency surgery was not required to repair the hernia. Plaintiff seeks damages "for the cost of surgery and fee" and for the day he had to wait for the results of the ultra sound test.

Plaintiff's apparent claim is that Rutherford County is not paying the medical expenses that he might incur to repair the hernia after his release from custody. First, as to the Defendant,

Plaintiff can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982).

In his Statement of Facts, Plaintiff mentions that he filed a grievance against the defendant but never received an answer back. Plaintiff has not shown that the Defendant knew of the Plaintiff's alleged medical needs or participated, either directly or indirectly, in the decision that emergency surgery was not needed to correct the hernia. In his official capacity, the Defendant owes a constitutional duty to Plaintiff during the period of his incarceration to provide medical care for a serious medical condition requiring immediate medical attention. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Defendant provided Plaintiff medical care and a physician determined immediate surgery was not necessary. Thus, this action should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

William J. Haynes, Jr.
United States District Judge

2-1-11